Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Richard Cole,* Assistant Attorney General, with him *Jeffrey R. Miller,* Assistant Attorney General, for petitioner.

*John Kupchinsky,* Assistant Attorney General, with him *Stephen B. Lipson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, August 6, 1981:

The Pennsylvania Department of Labor and Industry (DLI) has appealed from a decision of the Unemployment Compensation Board of Review (board) which granted compensation to the claimant,[1] who had been terminated as Director of DLI's Bureau of Administrative Services.

DLI urges that the claimant was ineligible under Section 1002(11) of the Unemployment Compensation Law,[2] 43 P.S. §892(11), which excludes individuals in public positions "which, under or pursuant to the laws of this Commonwealth, are designated as . . . a major nontenured policymaking or advisory position. . . ."

We have currently considered Section 1002(11) for the first time in *Gahres v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 114, 433 A.2d 152 (1981). There we held that, although the exclusionary Section 1002(11) does not require the existence of a provision of law using the words of that section verbatim, there must be some official designation communicating the concept that the position is policymaking or advisory, under or pursuant to law— that is, a statute, regulation, executive order or the like. In an approach consistent with the principles we thus expressed, DLI's brief in this case correctly argues that the actual activities performed, or not performed, by the claimant, are not controlling in determining the application of the exclusion, but may be examined only to verify the validity of the designation, if any.

Because there is here no dispute that the claimant's position was nontenured and because, a state bureau head being involved, there is no question about it being a major one, the pivotal question is:

---

[1] Richard B. Stabinski.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

Was the position designated as policymaking or advisory under or pursuant to law, *i.e.*, by some statute, regulation or other official designation?

Neither DLI, as petitioner here, or the board, as respondent, have cited any statute or regulation which creates or describes the position which the claimant had occupied. Turning to the record, we find only a "Position Description" which, DLI asserts, is the one which governed the position which the claimant held. That position description, as the only possible source of an official designation in this case, provides that this position's incumbent "is responsible for the technical administration of the Bureau, Administrative Services," describing that bureau as handling the department's mail and messenger services, duplicating operations, supplies and equipment maintenance, communications and automotive needs, procurement and leasing. It states specifically that the occupant of the position

> [p]lans, coordinates, and directs the technical administrative services functions for the Department of Labor and Industry.
>
> Confers with program directory, members of the professional staff, and other state agency officials, concerning the administrative needs and requirements of agency programs, policies, rules, and regulations.
>
> Develops, amends, and interprets existing policies, procedures and regulations concerning administrative matters.
>
> Coordinates, assigns, and directs all subordinate functions in order to improve management services and give better service.
>
> Maintains effective working relationships with operating officials and other state agencies.

Although DLI cites case law setting forth general principles not involving this particular position or this class of positions (bureau heads), and discusses testimony concerning the work actually done by the claimant, DLI offers no analysis of the foregoing position description. By arguing that a bureau head occupies a relatively high position in the state hierarchy, DLI seems to suggest that a position at such a level must necessarily be considered policymaking or at least advisory, but that argument goes chiefly to the point that the position is "major" in its stature, a point which does not appear to be contraverted. To state, as the position description does, that the occupant of the position "[c]onfers" with other persons concerning administrative needs, does not amount to a characterization of the position as having advisory weight. The only mention of policies in the description is the statement that this bureau head "[d]evelops, amends and interprets existing policies . . . concerning administrative matters." Aside from the point that the *development* of *existing* policies does not seem to refer to the *making* of *new* policies, the limitation of that passage to policies "concerning administrative matters" clearly confines this bureau head's role to the internal functions and housekeeping machinery of the department, which, although undoubtedly important, do not constitute substantive policy having public effect.

The testimony in the record concerning what the claimant did is, we believe, not inadmissible as DLI has contended, but was properly received and heard to confirm that the position description was valid and not an illusion, that the claimant functioned basically as described. Although the board apparently paid no attention to the position description, it did find that

7. The claimant's duties and responsibilities were administrative and managerial in nature. . . .

8. The claimant did not establish policy . . . nor did he render advice concerning policy . . . [but] . . . worked within the confines of existing statutes, regulations and directives. . . .

Thus, the board's findings, although failing to rely upon the legal designation, are consistent with our reading of that official document. We therefore conclude that the board arrived at the right result in deciding that the position was not excluded by Section 1002(11) from the definition of "employment" under the Unemployment Compensation Law.

### ORDER

Now, August 6, 1981, the decision of the Unemployment Compensation Board of Review at No. B-184214, dated May 19, 1980, is affirmed.