Ruby E. Bowe, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 2, 1984, before Judges ROGERS, CRAIG and COLINS, sitting as a panel of three.

*Stephen B. Lipson,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles Hasson,* Deputy Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, June 12, 1984:

This unemployment compensation claimant appeals from an order of the Unemployment Compensa-

tion Board of Review (board) affirming and adopting a referee's decision that the claimant was ineligible for benefits under Section 1002(11) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §892(11), which excludes from compensable employment the jobs of:

> (11) Individuals serving in positions which, under or pursuant to the laws of this Commonwealth, are designated as . . . a major nontenured policymaking or advisory position.
> . . . .

The claimant worked as Director of the Bureau of Policy Planning for the Commonwealth of Pennsylvania, Department of Community Affairs (employer) for approximately two and a half years. This was a non-Civil Service position. In March of 1983, the claimant was separated from her employment through no fault of her own and she promptly applied for unemployment compensation benefits. Her application was disapproved by the Office of Employment Security (OES) because of information provided by the employer to the effect that the claimant had worked in a "major nontenured policymaking or advisory position" within the meaning of Section 1002(11) of the Law and, consequently, she had no base year wages and was financially ineligible for benefits. The referee affirmed the OES determination on the ground that the claimant's position was noncovered employment and the referee's decision was affirmed and adopted by the board.

The claimant's principal argument is that her position was not designated under or pursuant to the laws of this Commonwealth as a major nontenured policymaking or advisory position as required by Section 1002(11).

We have held that the exclusionary provision of Section 1002(11) does not apply to positions which are major nontenured policymaking or advisory positions merely as a matter of fact and that the actual activities performed, or not performed, by the claimant are not controlling in determining the application of the exclusion. *Gahres v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 114, 433 A.2d 152 (1981). Rather, Section 1002(11) requires ". . . some official designation communicating the concept that the position is policymaking or advisory, under or pursuant to law—that is, a statute, regulation, executive order or the like." *Pennsylvania Department of Labor and Industry v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 107, 108, 433 A.2d 156, 157 (1981).

The logic of such a requirement [of official designation] is plain. The exclusion imposes ineligibility on the basis that any occupant of such a position can anticipate the possibility of job termination upon a change of administration, so that unemployment in such circumstances cannot be regarded as sudden and unexpected. The required official designation hence provides a basis for that expectation; when the nature of the position is designated by law, there is thus an official signpost which informs the jobholder, upon assuming the position, of what can be expected. Moreover, discrimination against the individual is avoided if ineligibility rests upon the official designation of the position, rather than upon the specific activities or personal performance of a particular incumbent.

*Gahres* at 116, 433 A.2d at 164. Actual activities performed or not performed by the claimant may be examined only to verify the validity of the designation.

*Pennsylvania Department of Labor and Industry* at 108, 433 A.2d at 157.

The employer, whose burden it was to prove that the claimant's position was officially designated as noncovered employment, relies principally on Management Directive No. 530.22 which was issued by the Governor's Secretary of Budget and Administration on May 14, 1980, several months prior to the claimant's August 28, 1980 date of hire. This directive applies to all agencies under the Governor's jurisdiction and has as its objective "[t]o insure that wages earned in noncovered employment are deleted from financial determinations made by the [OES]." It describes the governor's policy in this regard as follows:

5. POLICY. The Commonwealth as an employer interprets "major nontenured policy-making or advisory positions" as *non-Civil Service bureau directors* or equivalent and above and attorneys. Examples of such positions include:

Agency Head
Associate Deputy Secretaries
Chief Counsels and all Attorneys
Correctional Superintendents
Deputy Secretaries
Executive Directors
Hospital Superintendents
Key Staff Aides to an Agency Head or the Governor
Office Directors
Regional Directors, Regional Commissioners, Regional Administrators, etc.
State College Presidents. (Emphasis added.)

The employer asserts that this Directive satisfies the official designation requirement of Section 1002

(11) because it was issued pursuant to 4 Pa. Code §1.1 *et seq.*, entitled "Directives Management System." 4 Pa. Code §1.1 states that the system was designed to provide "comprehensive statements of policy and procedure on matters that affect agencies and employes under the jurisdiction of the Governor." 4 Pa. Code §1.2 sets forth the type of publications that can be issued through the Directives Management system and includes relevantly in subsection (2):

> (2) Numbered Management Directives announcing detailed policies, programs, responsibilities, and procedures that are relatively permanent. Management Directives are to be signed by the Governor, Lieutenant Governor, *Budget Secretary, Secretary of Administration,* or the head of any department or independent board, commission or council under the Governor's jurisdiction. (Emphasis added.)

Management Directive No. 530.22 was signed by the Governor's Secretary of Budget and Administration. We agree with the board that this Directive meets the official designation requirement of Section 1002(11) because it was issued under or pursuant to law, that is, a "statute, regulation, executive order or the like." *Pennsylvania Department of Labor and Industry* at 108, 433 A.2d at 157. The claimant's position—a non-Civil Service bureau director—falls squarely within the category designated by this Directive as major nontenured policymaking or advisory in nature.

The claimant's argument that the Secretary of Budget and Administration had no authority to issue a directive of this nature is unpersuasive. The claimant asserts that the Executive Board has exclusive statutory power and authority to designate positions to be excluded under Section 1002(11) and points to Section 709 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §249 as

support for this position. Section 709 sets forth the responsibilities of the Executive Board as follows:

Subject to the provisions of this act, the Executive Board shall have the power:

(a) To standardize the qualifications for employment, and all titles, salaries, and wages of persons employed by the administrative departments, boards, and commissions. . . .

While the Executive Board may have the authority to designate noncovered employment positions pursuant to Section 709, the claimant offers no support, and we know of none, for the contention that the Executive Board's authority is exclusive in this regard. The regulations found at 4 Pa. Code §1.1 *et seq.* sufficiently support the issuance of Management Directive No. 530.22 and the board properly held that this Directive satisfies the official designation requirement of the Law.

The claimant next argues that she had neither actual nor constructive knowledge of the Directive at the time of hire and cannot therefore be bound by it. This argument is equally unpersuasive. The claimant did not testify, nor is there any evidence of record, that she was unaware of the Directive at the time of hire. Indeed, the Directive was issued more than three months prior to the claimant's date of hire; as such, it may be considered a condition of her employment and we have held that an employee who accepts a position effectively admits its initial suitability with respect to wages and conditions of employment. *Cardwell v. Unemployment Compensation Board of Review,* Pa. Commonwealth Ct. , 465 A.2d 145 (1983). The only way a claimant can overcome such an admission is to show a change in job conditions or deception by the employer which caused the claimant to be unaware of the conditions at the time of hire. *Id.* Here, the claimant has proved neither.

The claimant finally asserts that the board's Findings of Fact Nos. 5 and 6, which concern the claimant's job description and responsibilities, are unsupported by substantial evidence. Our review of the record fails to support this assertion. The job description quoted in Finding No. 6 was admitted into the record without objection by claimant's counsel and is therefore competent evidence. Additionally, Claimant's Exhibit 1, which was a Table of Organization and a brief description of the Bureau of Policy Planning, fully supports Finding No. 5 which states that "the claimant's responsibility as Bureau Director was to plan, direct, and supervise program research and policy development."[1]

Order affirmed.

ORDER

AND Now, this 12th day of June, 1984 the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge COLINS concurs in the result only.

---

[1] The claimant also raises a procedural matter which was not raised before the Board of Review and may not be considered here.