579 A.2d 1383

**Karen A. MORMAK, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 20, 1990.

Decided Sept. 20, 1990.

Steven J. Schiffman, Serratelli and Schiffman, Harrisburg, for petitioner.

Zella M. Smith, Asst. Counsel, with her, Victoria A. Reider, Deputy Chief Counsel, and Linda J. Wells, Chief Counsel, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BYER, Judge.

Karen A. Mormak (claimant) appeals from an order of the Unemployment Compensation Board of Review (UCBR) which determined she was ineligible for benefits because

she occupied a "major nontenured policymaking or advisory position" with the Commonwealth and, therefore, is not entitled to benefits under the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914. We affirm.

Claimant originally was employed by the Pennsylvania Insurance Department as executive director of the Catastrophic Loss Trust Fund (CAT Fund). As executive director, she was neither a civil servant nor was she eligible for unemployment compensation, because her position was classified a "major nontenured policymaking or advisory position."[1] Claimant was responsible for providing program direction and administrative support to the CAT Fund Board (board). She formulated, recommended and participated in the adoption of rules, regulations and policies necessary to carry out the purpose of the CAT Fund. Claimant's duties also included assisting the board chairperson in providing administrative support to the board, setting the agenda for board meetings and attending those meetings. She communicated board orders, resolutions and directives to the Insurance Commissioner.

In addition, claimant supervised the fund's claim unit. She reviewed claims and approved or disapproved payments as well as coordinated all activities of the claims administrator, an independent entity responsible for performing all claims adjustments for the CAT Fund.

Claimant held this position from November 25, 1985 until December 12, 1988 when the General Assembly abolished the CAT Fund.[2] Claimant then supervised the Catastrophic Loss Claim Fund Unit (claim unit), and her pay and responsibilities remained substantially the same as in her prior position. The only changes resulting from the termination of the CAT Fund were the requirements that claimant report to the Director of Administration instead of to the Insurance Commissioner and that claimant no longer attend senior staff meetings.

1. Section 1002 of the act, 43 P.S. § 892(11).
2. Act No. 1988–144, P.L. 1120.

On October 6, 1989 claimant was furloughed. She filed an application for unemployment compensation benefits, contending that because her position had changed as a result of the abolition of the CAT Fund, she was no longer in a "major nontenured policymaking or advisory position." The referee denied claimant unemployment compensation benefits, and the UCBR affirmed.

The act specifically provides that certain Commonwealth employees are not eligible for unemployment compensation benefits. Section 1002 of the act, 43 P.S. § 892, provides as follows:

> Except for services performed in the employ of a hospital or institution of higher education not otherwise excluded in this act, for purposes of this article the term "employment" shall not include services performed by:
>
> * * * * * *
>
> (11) Individuals serving in positions which, under or pursuant to the laws of this Commonwealth, are *designated* as (i) a major nontenured policymaking or advisory position; .... (Emphasis added.)

 In order to be ineligible for unemployment compensation, there must be some official designation of the position as policymaking or advisory by statute, regulation, executive order or the like. *Gahres v. Unemployment Compensation Board of Review*, 61 Pa.Commonwealth Ct. 114, 433 A.2d 152 (1981). "[A]ctual activities performed, or not performed, by the claimant, are not controlling in determining the application of the exclusion, but may be examined only to verify the validity of the designation, if any." *Department of Labor and Industry v. Unemployment Compensation Board of Review*, 61 Pa.Commonwealth Ct. 107, 108, 433 A.2d 156, 157 (1987).

The purpose of the official designation requirement is so that:

> any occupant of such a position can anticipate the possibility of job termination upon a change of administration, so that unemployment in such circumstances cannot be

sudden and unexpected. The required official designation hence provides a basis for that expectation; when the nature of the position is designated by law, there is thus an official signpost which informs the job-holder upon assuming the position, of what can be expected.

*Gahres*, 61 Pa.Commonwealth Ct. at 116, 433 A.2d at 154.

Claimant's position as executive director of the CAT fund was officially designated a "major nontenured policymaking or advisory position" pursuant to Management Directive 530.22, May 14, 1980. The directive, issued by the Governor's Secretary of Budget and Administration, states that the position of executive director, among others, is an example of a "major nontenured policymaking or advisory position." This directive satisfies the requirement that the designation be official. *Ging v. Unemployment Compensation Board of Review*, 84 Pa.Commonwealth Ct. 244, 479 A.2d 37 (1984); *Bowe v. Unemployment Compensation Board of Review*, 83 Pa.Commonwealth Ct. 221, 477 A.2d 587 (1984). Thus, an executive director is excluded from those positions eligible for unemployment compensation.

The issue for us to determine is whether the UCBR erred in finding claimant retained the designation as executive director after the abolition of the CAT Fund. Based upon the record, the UCBR found that claimant retained the position as executive director of the claim unit and concluded, "her title and responsibilities as Executive Director remained almost unchanged."

Our scope of review of a UCBR decision is limited. We must affirm UCBR's findings of fact if they are supported by substantial evidence. 2 Pa.C.S. § 704; *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977); *see Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). Substantial evidence is such relevant evidence which a reasonable mind might accept as adequate to support the finding under review. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985). In determining whether a finding is supported

by substantial evidence, we review the entire record in the light most favorable to the party in whose favor UCBR found, giving that party the benefit of all inferences which logically and reasonably can be drawn from the record. *Taylor.*

■ We review UCBR's conclusions of law in accordance with the principle that an administrative agency's expert interpretation of a statute for which it has enforcement responsibility is entitled to great deference and will not be reversed unless clearly erroneous. *Lafayette College v. Department of Labor and Industry,* 118 Pa.Commonwealth Ct. 11, 546 A.2d 126 (1988); *Spicer v. Department of Public Welfare,* 58 Pa.Commonwealth Ct. 558, 428 A.2d 1008 (1981). Courts generally respect the special competence of UCBR in making conclusions based upon its own administrative and enforcement experience. *See Hogan v. Unemployment Compensation Board of Review,* 169 Pa. Superior Ct. 554, 83 A.2d 386 (1951).

■ In this case, UCBR analyzed claimant's activities before and after the abolition of the CAT Fund and determined claimant retained the designation of executive director. The changes in claimant's duties were insubstantial. Claimant continued to supervise the claim unit. She approved or disapproved benefits to CAT Fund claimants, arranged hearings upon appeal, and coordinated the activities of the claims administrator. She remained responsible for identifying and resolving operational, managerial and other policy issues which were important to the administration of the fund.

The record also shows that claimant referred to herself as "executive director" from November 1985 through October 6, 1989, despite the abolition of the CAT Fund and her subsequent transfer to the claims unit. Her stationery as well as her resume reflect claimant's own belief that she retained the title of executive director. Claimant received no reduction in salary based on her transfer to the claims

unit which might have indicated that her position was less than an executive director.

We hold that UCBR's findings of fact are supported by substantial evidence and its legal conclusions are not clearly erroneous. Ms. Mormak was employed in a designated position in which she had no right or expectation of unemployment compensation benefits. The fact that she was not terminated immediately after the abolition of the CAT fund, but instead continued to perform essentially the same functions at the same salary during the phase-out, would not create a right or even a reasonable expectation of entitlement to benefits. Therefore, we affirm the order denying benefits.

## ORDER

The order the Unemployment Compensation Board of Review is affirmed.