648 A.2d 1295

**Thomas C. ZERBE, Jr., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 1994.

Decided Sept. 26, 1994.

---

Thomas C. Zerbe, Jr., pro se.

Michael L. Harvey, Deputy Atty. Gen., for respondent.

Before CRAIG, P.J., and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

McGINLEY, Judge.

Thomas C. Zerbe, Jr. (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which concluded that Claimant was ineligible for benefits under Section 1002(11) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897 *as amended,* 43 P.S. § 892(11).[1] We vacate and remand.

On May 14, 1980, the Governor's Office issued Management Directive 530.22 which designated all attorney positions in agencies under the Governor's jurisdiction to be "major non-tenured policymaking or advisory positions," which are excluded from unemployment compensation under Section 1002(11) of the Law.[2] At that time the Department of Justice was under the Governor's jurisdiction. On January 20, 1981, the Department of Justice became the Attorney General's Office, an independent agency. On December 17, 1985, the Attorney General issued "Administrative Policy 2.10," which was subse-

---

1. This section states in pertinent part:

   § 892. **Services excluded from "employment"**

   Except for services performed in the employ of a hospital or institution of higher education not otherwise excluded in this act, for the purposes of this article the term "employment" shall not include services performed by:

   . . . .

   (11) Individuals serving in positions which, under or pursuant to the laws of this Commonwealth, are designated as (i) a major nontenured policymaking or advisory position; or (ii) a policymaking position the performance of the duties of which ordinarily does not require more than eight hours per week.

2. *See* Supplemental Reproduced Record (S.R.R.) at 22b.

quently amended on January 29, 1987. Both versions of Administrative Policy 2.10 provide that all attorneys were excluded from unemployment coverage under Section 1002(11) of the Law.[3] By memorandum dated January 11, 1984, all attorneys in the Attorney General's office were notified by the Office of Management Services that because their positions were under the Section 1002(11) exclusion, they were exempt from paying unemployment compensation tax.[4]

On July 27, 1981, Claimant was appointed by the Attorney General as an Attorney I. On December 31, 1981, Claimant was promoted to the position of Attorney III. On July 1, 1982, Claimant's class title was changed to Deputy Attorney General III. On September 4, 1992, Claimant was furloughed.

Claimant subsequently filed an application for benefits with an effective date of January 10, 1993. The Bureau of Unemployment Compensation Benefits and Allowances denied Claimant's application and he appealed. A referee's hearing was held at which both parties presented evidence. The referee subsequently issued a decision affirming the Bureau noting that Claimant was financially ineligible for benefits under Section 1002(11) of the Law. The Board affirmed and Claimant appeals here.[5]

Claimant contends that the Board erred in concluding that his position as Deputy Attorney General III was a major policy making or advisory position. Claimant argues that the Attorney General is not authorized to designate policymaking or advisory positions when those positions are in fact not policymaking or advisory; and in the alternative, assuming the

---

3. *See* Section 2.10(A)(11) of the "Standards of Conduct for Attorneys Appointed and/or Approved by the Attorney General" (effective December 17, 1985); S.R.R. at 28b and Section 2.10(C)(1) of the subsequent "Code of Conduct for Employes Appointed and/or Approved by the Attorney General" (effective January 29, 1987); S.R.R. at 35b.

4. *See* S.R.R. at 26b.

5. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether the necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1992).

Attorney General is so authorized, that the Attorney General failed to make a proper designation in the present case. Claimant also maintains that in view of recent decisions limiting dismissals based on political affiliations, ineligibility under Section 1002(11) of the Law is limited to those people who actually make policy or advise the Attorney General.

We recognize that in *Gahres v. Unemployment Compensation Board of Review,* 61 Pa.Commonwealth Ct. 114, 433 A.2d 152 (1981) this Court previously held that the actual activities performed, or not performed, do not control whether the Section 1002(11) exclusion applies. In *Gahres* this Court noted there must be some official designation of the position as advisory or policymaking "under or pursuant to law-that is by the words of a statute, regulation, executive order or the like." *Id.* at 116, 433 A.2d at 154. This Court went on to explain the rationale for requiring an official designation:

> The logic of such a requirement is plain. The exclusion imposes ineligibility on the basis that any occupant of such a position can anticipate the possibility of job termination upon a change of administration, so that unemployment in such circumstances cannot be regarded as sudden and unexpected. The required official designation hence provides a basis for that expectation; when the nature of the position is designated by law, there is an official signpost which informs the jobholder, upon assuming the position, of what can be expected. Moreover, discrimination against the individual is avoided if ineligibility rests upon the official designation of the position, rather than upon the specific activities or personal performance of a particular incumbent.

*Id.* at 116, 433 A.2d at 154.

However, based on our review of several decisions of the United States Supreme Court, we now overrule *Gahres.* No longer can an employee who is not occupying a major policymaking position be terminated when there is a change in administration. In both *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct.

2673, 49 L.Ed.2d 547 (1976)[6] and *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980),[7] the Supreme Court held that it violates an employee's First Amendment rights when terminated for political reasons when there is a change in administration, unless that employee occupies a major policymaking position. *See also Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990) (it is an impermissible infringement on First Amendment rights of public employees to base the employees' promotions, transfers, or recalls on political affiliation because such practices impose significant penalties for the exercise of First Amendment rights). As a result of these Supreme Court decisions, we conclude that there is an expectation of continued employment for nonpolicymakers in our Commonwealth's government when there is a change in administration if they have performed with diligence and integrity.

Furthermore, we find that there is another ground to conclude that *Gahres* be overruled. We believe that by enacting Section 1002(11) of the Unemployment Compensation Law, the General Assembly intended only to provide that those who actually occupied major policymaking positions, i.e., the "management core," are to be ineligible for unemployment compensation benefits. The General Assembly did not intend to cloak officials with unfettered discretion to designate positions as major policymaking positions when those employees only carry out line responsibilities and work for a wage. Just as we

6. In *Elrod v. Burns,* Justice Brennan, writing for the majority, expressed the view that patronage dismissals place severe restrictions on First Amendment freedoms of political belief and association and "can not be justified" as necessary to (a) insure the effectiveness and efficiency of government; (b) prevent the obstruction of a new administration's policies; or (c) preserve the democratic process by assisting partisan politics. *See* 427 U.S. at 372–73, 96 S.Ct. at 2689.

7. In *Branti v. Finkel,* Justice Stevens, writing for the majority, relied on the Court's previous decision in *Elrod* and held that the First and Fourteenth Amendments protected assistant public defenders from discharge solely on the basis of their political beliefs for the reason that the responsibilities of an assistant public defender are to represent individual persons and thus whatever policymaking occurs relates to the needs of the individual client and not to any partisan political interest. *See* 445 U.S. at 519–20, 100 S.Ct. at 1295–96.

allow employees to challenge other employer decisions in unemployment cases we believe that the General Assembly intended that these designations are open to challenge before the Board. If those who designate a position as a policymaking position cannot substantiate that the position involves actual policymaking then the employee is eligible for unemployment compensation benefits.

For the foregoing reasons, we vacate the order of the Board and remand this matter to the unemployment compensation authorities for further factual determinations as to whether Claimant's position involved actual policymaking or advisory functions.

### ORDER

AND NOW, to wit, this 26th day of September, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and this case is remanded for further proceedings consistent with the foregoing opinion. Jurisdiction is relinquished.

This decision was reached before the conclusion of President Judge CRAIG's service.

FRIEDMAN, J., dissents.

CRAIG, President Judge, dissenting.

The majority opinion in this case deals with the matter of *tenure* in a public position and susceptibility to being discharged, when the issue is something entirely different—the entitlement to unemployment compensation after dismissal.

In this case the claimant is not at all questioning whether the Attorney General had the right to discharge, but is only seeking unemployment compensation. Yet, the majority opinion would overrule this court's previous decision in *Gahres v. Unemployment Compensation Board of Review,* 61 Pa.Commonwealth Ct. 114, 433 A.2d 152 (1981), an unemployment compensation case, by relying solely upon United States Supreme Court cases which deal with the rights of tenure and do

not relate to unemployment compensation at all. *Rutan v. Republican Party,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

None of the authority cited, other than *Gahres,* relates to the issue at hand, entitlement to unemployment compensation.

In *Gahres* this court did not hold that mere labeling of a position as "a major tenured policymaking or advisory position" was sufficient. Following the statute, this court required any such designation to be "supported by law" so that the designation was "under or pursuant to the laws of this Commonwealth". Section 1002(11) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess.P.L. (1937), 2897 *as amended,* 43 P.S. § 892(11). In accordance with that principle, our *Gahres* decision reversed a denial of unemployment compensation and remanded for computation of benefits because the requisite legal basis could not be found in laws of the Commonwealth.

In this case, to remand for the Unemployment Compensation Board of Review, to make an after-the-fact factual study of whether or not the claimant has been doing actual policymaking or advisory functions, goes contrary to the words of the statute which makes the exclusion from unemployment compensation expressly dependent upon the position being "*designated* as ... a major non-tenured policymaking advisory position." (Emphasis added.) The employees coming into such positions are entitled to know, from the existence of an express designation, *in advance* that they are entering upon a position which does not carry entitlement to unemployment compensation. The law places the power of designation, not in any determination of the Unemployment Compensation Board of Review, but in the state officer or department which is the employer, and that officer or department must, under *Gahres,* have a lawful basis for making the designation.

Because the Unemployment Compensation Law places the exclusion from compensation upon a designation under or

pursuant to law, the question in these cases is always a question of law for review by this court, not a question of fact to be left to the Unemployment Compensation Board of Review.