681 A.2d 740

**Thomas C. ZERBE, Jr., Appellee,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**

**Commonwealth of Pennsylvania, Office of Attorney General, Intervenor.**

**Appeal of COMMONWEALTH of Pennsylvania, OFFICE OF ATTORNEY GENERAL, Intervenor.**

Supreme Court of Pennsylvania.

Argued Dec. 4, 1995.

Decided Aug. 21, 1996.

Michael L. Harvey, Calvin R. Koons, John G. Knorr, III, Thomas W. Corbett, Jr., Attorney General, Harrisburg, for the Commonwealth.

Randall S. Brandes, for Unemployment Compensation Board of Review.

Thomas C. Zerbe, Jr., Harrisburg, for Thomas C. Zerbe, Jr.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY and CASTILLE, JJ.

## *OPINION*

CASTILLE, Justice.

The issue before this Court is whether an employee who occupies a position which is designated as a major nontenured policymaking position or advisory position is eligible for unemployment compensation after dismissal. For the reasons expressed below, we find that the Commonwealth Court erred by remanding this matter to the Unemployment Compensation Board and, therefore, reverse.

On May 14, 1980, the Governor's Office issued Management Directive 530.22 which designated all attorney positions in agencies under the Governor's jurisdiction as "major nontenured policymaking or advisory positions," which are excluded from unemployment compensation under section 1002(11) of the Unemployment Act. 43 P.S. § 751, *et seq.* The Department of Justice was one of those agencies at that time. On January 20, 1981, with the advent of an elected Attorney General, the Department of Justice became the Office of Attorney General. On December 17, 1985, the Attorney General issued "Administrative Policy 2.10" which was subsequently amended in January 1987. Both versions of Administrative Policy 2.10 provided that all attorneys in the Attorney General's Office were excluded from unemployment coverage under section 1002(11) of the law. Hence, in accordance with this designation, by memorandum dated January 11, 1984, all attorneys in the Attorney General's office were notified by the Office of Management Services that, since their positions were subject to the section 1002(11) exclusions, they were also exempt from paying unemployment compensation tax on their salaries.

Against this background, in July 1981, appellee, Zerbe, Jr. was appointed by the Attorney General as an Attorney I. Thereafter, Zerbe was promoted to the position of Attorney III and in 1982 Zerbe's class title was changed to Deputy Attorney General III. On September 4, 1992, Zerbe was furloughed from his employment with the Attorney General's

Office.[1] Notwithstanding the written policy that Zerbe, as an attorney, was not eligible for unemployment compensation and that he did not pay unemployment compensation tax, Zerbe filed an application for benefits with the Bureau of Unemployment Compensation seeking unemployment compensation benefits. The Bureau denied Zerbe's application and he thereafter sought a referee's hearing. The referee agreed that Zerbe was not entitled to benefits. Zerbe then appealed to the Unemployment Compensation Board of Review which affirmed the referee's denial of benefits holding that since Zerbe's Deputy Attorney General position was, at all times pertinent, designated as a major nontenured policymaking or advisory position, Zerbe's position was not within the term "employment" for purposes of unemployment compensation law. Hence, the referee ruled that Zerbe was not eligible for unemployment compensation benefits. Zerbe appealed to the Commonwealth Court arguing that the Attorney General is not authorized to designate policymaking or advisory positions when those positions are in fact not policymaking or advisory; and in the alternative, assuming the Attorney General is so authorized, that the Attorney General failed to make a proper designation in the instant case. The Commonwealth Court, by order and published opinion, reversed and remanded this matter to the Unemployment Compensation Board to determine whether Zerbe's position, in fact, involved actual policymaking or advisory functions. *Zerbe v. Unemployment Compensation Board of Review,* 167 Pa.Commw. 602, 648 A.2d 1295 (1994) (one judge dissenting and filing an opinion and one judge dissenting).

In reversing the Unemployment Compensation Board, the Commonwealth Court relied upon the United States Supreme Court decisions in *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). The issue raised in those

---

1. It is not clear from the record why Zerbe was furloughed. However, Zerbe does not challenge the legality of his dismissal in the instant case. (Appellee's Brief, p. 7). Moreover, at no time during his employment did Zerbe challenge the longstanding policy designating attorneys as major nontenured policy making or advisory positions.

cases was whether nonpolicymakers have an expectation of continued employment in government employment such that when there was a change in administration, they could not be discharged. In both instances, the United States Supreme Court held that a nonpolicymaker could not be discharged upon a change of administration simply because of his political affiliation since such action violated constitutional protections found in the First Amendment to the United States Constitution.

In *Elrod, supra,* noncivil service employees of the local sheriff's office brought a class action against the sheriff alleging that they were fired or threatened with dismissal solely because they were not affiliated with or sponsored by the political party of the new sheriff. The United States Supreme Court held that patronage dismissals severely restrict the First Amendment freedoms of political belief and association. Therefore, the Court concluded that the needs and views of the electorate will not be harmed by limiting patronage dismissals to policymaking positions. 427 U.S. at 373, 96 S.Ct. at 2689–90.

In *Branti, supra,* two assistant public defenders brought a civil rights action alleging that the newly appointed county public defender was about to discharge them solely because they were registered with the Republican Party. Relying on *Elrod,* the United States Supreme Court held that the First and Fourteenth Amendments protected assistant public defenders from discharge based solely on their political beliefs, because whatever policymaking occurs in the public defender's office relates to the needs of individual clients and not to any partisan political interests. 445 U.S. at 518, 100 S.Ct. at 1294–95.

The Commonwealth Court found that in view of *Branti* and *Elrod,* there is an expectation of continued employment for nonpolicymakers in this Commonwealth's government when there is a change in administration.[2] The Commonwealth

2. We note that this finding ignores the well established law in this Commonwealth that absent a contract or a violation of public policy or constitutional considerations, an employee can be dismissed at anytime

Court further held that the General Assembly's intent in enacting the Unemployment Act was only to provide that those who actually occupied major policymaking positions be ineligible for unemployment compensation benefits. *Zerbe v. Unemployment Compensation Board of Review,* 167 Pa. Commw. 602, 607–08, 648 A.2d 1295, 1298 (1994).

The Commonwealth Court's reliance on *Elrod* and *Branti* to dispose of this matter, however, is wholly misplaced. Unlike *Elrod* and *Branti,* here appellee is not challenging his discharge or alleging that he was wrongfully discharged in violation of his First Amendment freedoms of political belief and association. Rather, Zerbe contends only that he was wrongfully denied unemployment benefits on the basis that the controlling question in determining whether he is entitled to unemployment compensation should be whether he actually *performed* "major policy making or advisory" functions rather than whether his position is merely *designated* as a "major policy making or advisory" position. Hence, the only issue that was before the Commonwealth Court, and now before this Court, is whether Zerbe, an employee who occupied a position *designated* as a major nontenured policymaking or advisory position and during the tenure of which he paid no unemployment tax, is entitled to unemployment compensation benefits. Therefore, a remand to determine whether Zerbe *performed* major policymaking or advisory functions, factors which have no bearing on the issue at hand, was clear error.

■ Our determination of whether such an interpretation is correct depends upon our analysis of the controlling statutory language. A reviewing court's scope of review in an appeal from an adjudication of the Unemployment Compensation Board of Review is limited to whether constitutional rights have been violated, whether an error of law has been committed or whether the necessary findings of fact are supported by substantial evidence. *Miceli v. Unemployment Compensation Board of Review,* 519 Pa. 515, 519, 549 A.2d 113, 114 (1988); 2 Pa.C.S. § 704. As discussed above, this is not a First Amend-

as an at-will employee. *See Stumpp v. Stroudsburg Municipal Authority,* 540 Pa. 391, 658 A.2d 333, 335 (1995).

ment claim, hence the Commonwealth Court's remand for a hearing on factors relating to an issue not before it was an error of law. We must now turn to the real issue before us, whether 1002(11) should be interpreted to exclude appellee from receipt of unemployment compensation benefits.

Section 1002(11) of the Unemployment Compensation Act excludes from compensable employment the jobs of:

> (11) Individuals serving in positions which, under or pursuant to the laws of this Commonwealth, are designated as (i) a major nontenured policymaking or advisory position;....

43 P.S. § 892(11).[3]

"[U]nder or pursuant to the laws of this Commonwealth" is tantamount to a statute, regulation, executive order or the like. *Pennsylvania Department of Labor and Industry v. Unemployment Compensation Board of Review,* 61 Pa. Commw. 107, 108, 433 A.2d 156, 157 (1981); *accord, Bowe v. Unemployment Compensation Board of Review,* 83 Pa. Commw. 221, 227, 477 A.2d 587, 589 (1984); *Ging v. Unemployment Compensation Board of Review,* 84 Pa.Commw. 244, 247, 479 A.2d 37, 39 (1984); *Mormak v. Unemployment Compensation Board of Review,* 135 Pa.Commw. 232, 579 A.2d 1383 (1990). Moreover, Management Directive 530.22 was issued pursuant to 4 Pa.Code § 1.1 *et seq.,* entitled "Directives Management System," which provides that the Management Directive System was designed to provide "comprehensive statements of policy and procedure on matters that affect agencies and employes under the jurisdiction of the Governor." Hence, Management Directive 530.22 was therefore issued under or pursuant to the laws of this Commonwealth. *Pennsylvania Department of Labor and Industry, supra;* (claimant's position was officially designated a "major nontenured policymaking or advisory position" pursuant to Management Directive 530.22, which satisfies the requirement that the position be so designated pursuant to the laws of this Commonwealth); *Bowe, supra; Ging; supra.*

3. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended; 43 P.S. § 892(11).

Section 1002(11) of the Unemployment Compensation Law applies to Zerbe since pursuant to the Management Directive issued by the Governor's Office in 1980, his position was designated as a major nontenured policymaking or advisory position. When reviewing a statute, we are guided by the Statutory Construction Act. *See* 1 Pa.C.S. § 1501 *et seq.* The object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). When the words of the statute are clear and free from all ambiguity, we will not disregard the letter of the law under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b).

Here, examining Section 1002(11) in this light, this section clearly and unambiguously excludes from unemployment compensation unemployed persons whose prior positions were "designated" as major nontenured policymaking or advisory positions. Nothing in the language of Section 1002(11) requires a factual determination as to whether the unemployment compensation claimant actually performed major policymaking or advisory functions. Thus, the Section 1002(11) exclusion from unemployment compensation benefits is expressly dependent upon a claimant's position being designated as a major nontenured policy making or advisory position. To hold otherwise goes contrary to the clear wording of the statute.[4]

4. This holding is consistent with the law as it has evolved in the Commonwealth Court in interpreting Section 1002(11). In *Gahres v. Unemployment Compensation Board of Review*, 61 Pa.Commw. 114, 433 A.2d 152 (1981), the Commonwealth Court was faced with interpreting Section 1002(11) and held that the actual activities performed are irrelevant but rather, the claimant was eligible for unemployment compensation benefits because the claimant's position was not designated as major policymaking or advisory pursuant to or under the law of the Commonwealth. The court explained that Section 1002(11) required some official designation communicating the concept that the position is policymaking or advisory, under or pursuant to law.

Subsequent Commonwealth Court cases relied on *Gahres* and reached similar results. In *Pennsylvania Department of Labor and Industry v. Unemployment Compensation Board of Review*, 61 Pa. Commw. 107, 433 A.2d 156 (1981), the Commonwealth Court, relying on their decision in *Gahres*, held that the unemployment compensation claimant was eligible for compensation because his job was not designated as major policymaking or advisory pursuant to Commonwealth

The Commonwealth Court, therefore, erred by relying on *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), two cases which hold that discharging a governmental employee for his political affiliation violated the employee's First Amendment rights, to hold that Section 1002(11) requires that a factual determination be made regarding whether such positions involve actual policymaking or advisory functions. Clearly, our legislature has decided that it is the *designation* which is controlling as to whether a government employee is eligible for unemployment compensation benefits upon loss of employment.

Accordingly, the order of the Commonwealth Court is reversed.

NIX, former C.J., did not participate in the decision of this case.

ZAPPALA, J., concurs in the result.

law. In *Bowe v. Unemployment Compensation Board of Review,* 83 Pa.Commw. 221, 477 A.2d 587 (1984), the Commonwealth Court, relying on *Gahres,* held that the claimant was not eligible for unemployment compensation benefits because his position was designated as major policymaking or advisory. In *Ging v. Unemployment Compensation Board of Review,* 84 Pa.Commw. 244, 479 A.2d 37 (1984), the Commonwealth Court, again relying on *Gahres,* held that the claimant was entitled to unemployment compensation because although claimant may have had an advisory position, such position was not designated as advisory and therefore did not fall within the exclusion from unemployment compensation.