**Richard P. ODATO, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 19, 2001.

Decided Aug. 21, 2002.

---

Steven P. Engel, Pittsburgh, for petitioner.

Carol J. Mowery, Harrisburg, for respondent.

Before COLINS, President Judge, LEADBETTER, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY Judge LEADBETTER.

Richard P. Odato appeals from the order of the Unemployment Compensation Board of Review (Board), which affirmed the referee's decision denying unemployment compensation benefits pursuant to Section 1201 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 911(b)(9).[1] The Board concluded that Odato is ineligible to receive benefits because he was employed in a major nontenured policy making or advisory position. We conclude that the Claimant is eligible for compensation and reverse.

Odato worked for Allegheny County as a member of the Board of Property Assessment from January 2, 1996 through December 29, 2000. After separation from employment through no fault of his own, Odato filed an application for benefits thereby establishing a base year for financial eligibility for the period of July 31, 1999 through June 30, 2000. In connection with his application for benefits, Odato completed a questionnaire for submission to the Job Center on which he indicated that his position was designated as "a ma-

jor policymaking or advisory position." Based on Odato's statement on this questionnaire, the Job Center denied benefits, stating in the notice of determination mailed to Odato that he was not financially eligible based on the wages paid and the credit weeks earned in the base year. Odato appealed this determination and a hearing was scheduled before a referee.

At the hearing, Allegheny County's solicitor submitted, as proof that Odato had been employed in a nontenured policy making or advisory position, copies of Sections 2 and 4 of the Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. §§ 5452.2 and 5452.4, which describe the composition of county assessment boards and sets forth their powers and duties. Based on the questionnaire completed by Odato and the powers and duties listed in Section 4 of the Act, the referee found, in pertinent part, that:

6. The claimant's position as a member of the Allegheny County Board of Assessments is designated as a major policymaking or advisory position by Commonwealth of Pennsylvania Statute.

7. The powers and duties of claimant's position as a member of the Board of Assessments is established by Commonwealth Statute as follows:

The Board of Property Assessment, Appeals and Review shall have power and its duties shall be:

(a) To make and supervise the making of all assessments and valuations of

---

1. Section 1201 was added by Section 20 of the Act of September 27, 1971, P.L. 486, *as amended*, and describes services by employees of political subdivisions which do not constitute "employment" subject to the act, recognizing in pertinent part that "Individuals serving in positions which, under or pursuant to the laws of this Commonwealth, are designated as (i) a major nontenured policymaking or advisory position ..." are excluded from

receiving unemployment compensation benefits. "The exclusion imposes ineligibility on the basis that any occupant of such a position can anticipate the possibility of job termination upon a change of administration, so that unemployment in such circumstances cannot be regarded as sudden and unexpected." *Gahres v. Unemployment Compensation Bd. of Review,* 61 Pa.Cmwlth. 114, 433 A.2d 152, 154 (1981).

all subjects of taxation in the county as required by existing law.

    (b) To review and equalize all such assessments and valuations.

    (c) To hear all cases of appeals from assessments, and all complaints to assessments, errors, exonerations, and refunds.

    (d) To pass upon and determine the amount of property of any organization or institution which is under the provisions of existing law entitled to exemption from taxation.

*Odato v. Allegheny County,* (No. 01–06–T–464, filed March 28, 2001) (quoting the portion of Section 4, 72 P.S. § 5452.4, relied upon as demonstrating policy making or advisory authority). Based on these findings, the referee affirmed the denial of benefits.

Thereafter, Odato filed an appeal to the Board. Odato asserted that he was not employed in a policy-making position and he requested a remand on the ground that the notice of hearing before the referee failed to adequately inform him that Section 1201(b)(9) of the Unemployment Compensation Law was at issue. The Board denied the request for remand and, on the basis of the hearing evidence, affirmed the referee's determination. Thereafter, Odato filed the present appeal. On appeal, Odato contends that the Board erred in denying a remand[2] and in concluding that Odato served in a policy-making position.

In *Zerbe v. Unemployment Compensation Board of Review,* 545 Pa. 406, 681 A.2d 740 (1996), our Supreme Court stated that:

> [n]othing in the language of [the Section] requires a factual determination as to whether the unemployment compensation claimant actually performed major policymaking or advisory functions. Thus, the [Section] exclusion from unemployment compensation benefits is expressly dependent upon a claimant's position being designated as a major nontenured policymaking or advisory position. To hold otherwise goes contrary to the clear wording of the statute.

*Id.* at 413, 681 A.2d at 743.[3] Accordingly, Odato's actual job activities are immaterial to the determination of whether he is entitled to unemployment benefits. *See Conroy v. Unemployment Compensation Bd. of Review,* 693 A.2d 254, 256 (Pa.Cmwlth. 1997). We look only to whether Odato's position was designated a major nontenured policymaking or advisory position pursuant to the laws of the Commonwealth.

A designation is made pursuant to law if it is "by the words of a statute, regulation, executive order or the like." *Gahres v. Unemployment Compensation Bd. of Review,* 61 Pa.Cmwlth. 114, 433 A.2d 152, 153–54 (1981). It is not necessary that the designation contain the precise words "major," "policymaking," or "advisory." *Id.* at 154. What is essential is that:

> [T]he designation be more than a functional description of job duties, even where that description is, in some [ ] way, made pursuant to the laws of this Commonwealth. It must, at a minimum, be a written statement of policy which

---

2. In view of our decision that Odato is eligible for benefits, we need not address whether Odato was entitled to a remand. We note, however, that any deficiency in the hearing notice was cured by the referee's explanation of the issue and offer to continue the hearing, which Odato declined.

3. In *Zerbe,* the Supreme Court interpreted Section 1002(11) of the Law, 43 P.S. § 892(11). However, the language of Section 1002(11) and Section 1201(b)(9) of the Law is identical. Section 1002(11) applies to employees of the Commonwealth, whereas Section 1201(b)(9) applies to employees of political subdivisions of the Commonwealth.

has the clear and intended effect of establishing the job tenure and employment status attached to the position. Moreover, the statement must be made by an official or entity with authority to set such terms.

*Conroy,* 693 A.2d at 257.

Here, there was no express designation that Odato's job on the Board of Assessments was a major nontenured policy making or advisory position. The Board points to the statutory description of the powers and duties of the Board of Property Assessment as stated in 72 P.S. §§ 5452.2 and 5452.4. The statute sets forth only a functional description of job duties; it lacks "the clear and intended effect of establishing job tenure and employment status." This description does not reveal any responsibility for policy making or service in an advisory role. As we held in *Conroy,* such a description falls short of an official designation because it fails to provide "an official signpost which informs the jobholder, upon assuming the position, of what can be expected." *Id.* at 256.

Because the statutory description of job duties does not amount to a designation pursuant to the laws of this Commonwealth that the job is a major nontenured policymaking or advisory position, the order of the Board is reversed.

### *ORDER*

AND NOW, this 21st day of August, 2002, the order of the Unemployment Compensation Board of Review in the above captioned matter is REVERSED.