541 So.2d 1319 (1989)
Ramon L. GRAY, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 88-748.
District Court of Appeal of Florida, First District.
April 14, 1989.
*1320 Ramon L. Gray, pro se.
John D. Maher, Atty. for Unemployment Appeals Com'n, Tallahassee, for appellee.
ZEHMER, Judge.
Ramon Gray appeals an Unemployment Appeals Commission order that affirmed the denial of his claim for unemployment compensation benefits. The claim was denied because the government position from which he had been terminated, Regional Director with the Department of Corrections, is a nontenured senior management service position that is exempt from coverage under chapter 443, Florida Statutes.
Section 110.402(1), Florida Statutes (1987), defines senior management service as including executive branch positions having "duties and responsibilities" that are "primarily and essentially policymaking or managerial in nature." Such positions are non-tenured. Section 110.403(1)(a), Fla. Stat. (1987). Section 443.036(18), Florida Statutes (1987), defines employment for purposes of unemployment compensation benefits under chapter 443. It contains an explicit exclusion in subsection 443.036(18)(d)4 d. regarding service performed in the employ of a governmental entity
"in a position which, under or pursuant to the laws of this state, is designated as a major nontenured policymaking or advisory position or a policymaking or advisory position, the performance of the duties of which ordinarily does not require more than 8 hours per week.
(Emphasis added.)
Because the emphasized portion of this section is separated from the remainder of the sentence by the disjunctive conjunction "or," we agree with the appeals referee and the Commission that the statutory exclusion in this section applies to two types of positions: (1) major nontenured policymaking or advisory positions, and (2) other policymaking or advisory positions in which the performance of duties does not require more than 8 hours per week. We also agree that this exclusion is applicable to positions in senior management service. Consequently, appellant was terminated from a position exempt from coverage under chapter 443 and thus was not entitled to compensation benefits.
AFFIRMED.
SHIVERS and BARFIELD, JJ., concur.