892 So.2d 1129 (2004)
Ronald BRENNER, Appellant,
v.
DEPARTMENT OF BANKING AND FINANCE and Florida Unemployment Appeals Commission, Appellees.
No. 3D03-3398.
District Court of Appeal of Florida, Third District.
December 22, 2004.
Rehearing Denied March 2, 2005.
Ronald Brenner, in proper person.
John D. Maher (Tallahassee), for appellee.
Before LEVY, GERSTEN, and GODERICH, JJ.
PER CURIAM.
Ronald Brenner ("Brenner") appeals from a final order of the Florida Unemployment Appeals Commission ("the Commission"). We affirm the Commission's Order, finding that Section 443.1216(4)(c) 4, Florida Statutes excludes Brenner's position from unemployment compensation benefits.
Brenner was let go from his position as Regional Director for the Department of Finance and Banking for the South Florida region. Following his termination, Brenner applied for unemployment compensation and was denied benefits on the ground that he was ineligible to receive unemployment benefits because he did not have wages for insured work during his base period. Brenner appealed the denial of benefits, and was the only party and witness who testified at the Hearing; the Department of Banking and Finance did not contest the appeal.
The Appeals Referee concluded, and the Commission later agreed, that Brenner *1130 was employed in a non-tenured, Senior Management Service position, which was not covered employment under the applicable unemployment benefits statutes and, thus, he was not entitled to wage credits. The Referee found that Brenner served the Department from August 1, 1999 until June 30, 2003, when he was separated from his employment under non-disqualifying conditions. Brenner appealed the Referee's decision to the Commission. The Commission affirmed the Referee's decision, holding that Brenner was disqualified from receiving unemployment benefits. Brenner now appeals the Commission's final order.
Brenner's position as Regional Director is statutorily governed by section 110.402, Florida Statutes, which provides:
The Senior Management Service is created as a separate system of personnel administration for positions in the executive branch the duties and responsibilities of which are primarily and essentially policymaking or managerial in nature.
§ 110.402, Fla. Stat.(2003).
Section 443.091(1)(f), Florida Statutes provides that an unemployed individual is eligible to receive benefits if the Agency finds that the individual "has been paid wages for insured work equal to 1.5 times her or his high quarter wages during her or his base period." § 443.091(1)(f), Fla. Stat. (2003). Section 443.036(27), Florida Statutes, defines "insured work" as "employment for employers." § 443.036(27), Fla. Stat. (2003). Additionally, section 443.036(21), Florida Statutes, defines "employment" as "a service subject to this chapter under section 443.1216 which is performed by an employee for the person employing him or her." § 443.036(21), Fla. Stat. (2003). Section 443.1216(4)(c)4, Florida Statutes, provides that chapter 443 does not apply to services performed by employees "[i]n the employ of a public employer if the service is performed by an individual in the exercise of duties ... [i]n a position that, under state law, is designated as a major nontenured policymaking or advisory position, including a position in the Senior Management service created under section 110.402...." § 443.1216(4)(c)4, Fla. Stat. (2003). Thus, Brenner's employment was excluded from unemployment benefit coverage pursuant to section 443.1216(4)(c)4, Florida Statutes.
In Gray v. Unemployment Appeals Commission, 541 So.2d 1319, 1320 (Fla. 1st DCA, 1989), the Court found that the "Regional Director with the Department of Corrections" was a non-tenured senior management service position that was exempt from coverage under chapter 443, Florida Statutes. Id. at 1320.
Traditionally, appellate courts give great deference to an administrative agency's interpretation of its statutes. "We defer to the Commission's interpretation. The rule is clear that an agency's interpretation of a statute, with which it is legislatively charged with administering, shall be accorded great weight and should not be overturned `unless clearly erroneous.'" Cargill, Inc. v. Hill, 503 So.2d 1340 (Fla. 1st DCA 1987) (emphasis added); See also Dep't of Ins. v. Southeast Volusia Hosp. Dist., 438 So.2d 815, 820 (Fla.1983). It cannot be said that the Commission erroneously interpreted sections 110.402 and 443.1216, Florida Statutes (2003). Accordingly, we affirm the Order of the Commission that denied the claimant his unemployment benefits.
Affirmed.