COPE, C.J.
Ronald Brenner (“Claimant”) appeals the denial of his claim for unemployment compensation benefits. The claim was denied on the ground that the government position which the Claimant occupied was excluded by statute from receiving unemployment compensation benefits. We conclude that the agency erred in that determination for the time period relevant here. That is so because the Claimant’s job responsibilities were reduced effective January 5, 2003 after which he was no longer statutorily excluded from receiving unemployment compensation benefits.
In 1991, Claimant became employed by the Department of Banking & Finance as a Senior Attorney. In 1999, he was promoted to Regional Director of the South Florida region, a Senior Management Service position. In that position, he reported directly to the Office of Comptroller in Tallahassee and had complete authority over the Miami office. On January 5, 2003, the Department of Banking & Finance became the Department of Financial Services, Office of Financial Institutions and Security Regulation. At that time, although Claimant continued with the same title of Regional Director, his salary, duties and responsibilities were altered so that his position was no longer a policy-making or advisory position. Claimant’s salary was reduced to $50,000 annually. He reported to the Bureau Chief of the Bureau of Finance Regulation. Whereas the Claimant had previously supervised an office having approximately thirty employees, these were reorganized into a different unit. The Claimant was left with no supervisory authority. Effective June 30, 2003, the position of Regional Director of the South Florida region was eliminated, and Claimant’s employment was terminated.
Claimant filed a claim for unemployment compensation effective June 30, 2003 with a base period of calendar year 2002. The Commission determined that Claimant was not entitled to benefits on account of the statutory exclusion. The Claimant appealed and this court upheld the Commission’s finding. See Brenner v. Dept. of Banking & Finance, 892 So.2d 1129 (Fla. 3rd DCA 2004).
Upon receiving this ruling, the Claimant was still unemployed. He filed a new claim on June 29, 2004 with a base period of calendar year 2003. The appeals referee again ruled that because the Claimant held a Senior Management Service position, he remained excluded from unemployment compensation benefits in calendar year 2003. The Unemployment Appeals Commission approved the referee’s decision, and the Claimant has appealed.
*632 The Claimant bases his argument on the text of the statutory exclusion. The 2002 version of the statute is applicable here. At that time the statute excluded, among other things, anyone:
4. In the employ of a governmental entity referred to in paragraph (b), if such service is performed by an individual in the exercise of duties:
[[Image here]]
d. In a position which, under or pursuant to the laws of this state, is designated as a major nontenured pol-icymaking or advisory position or a policymaking or advisory position, the performance of the duties of which ordinarily does not require more than 8 hours per week.
§ 443.036(21)(d)4., Fla. Stat. (2002) (emphasis added). The Commission denied the claim because the Claimant’s position was designated as part of the Senior Management Service. The Commission reasoned that if a position was in the Senior Management Service, the position must necessarily be a policymaking or advisory position for purposes of the unemployment compensation exclusion.
We are unable to accept the Commission’s analysis of the 2002 statute. In order for the Claimant to be excluded from unemployment compensation coverage, he had to occupy a policymaking or advisory position. See id.
To be classified in the Senior Management Service there was a different statutory test. The Senior Management Service consisted of “positions in the executive branch, the duties and responsibilities of which are primarily and essentially policy-making or managerial in nature.” § 110.402(1), Fla. Stat. (2002) (emphasis added).
Since in 2002 the two statutory definitions were different, it follows that placing a position in the Senior Management Service did not automatically mean that the position was excluded from unemployment compensation coverage. The 2002 unemployment compensation exclusion applied to policymaking or advisory positions, but not managerial positions.[1]
In order to determine whether the Claimant was excluded from unemployment coverage under the 2002 statute, we must look to the Claimant’s duties to see if he was in a policymaking or advisory position. It is undisputed that effective January 5, 2003 there was a reorganization which resulted in the elimination of all of the Claimant’s duties which could be described as policymaking, advisory, or for that matter, managerial. At the time the Department eliminated the Claimant’s job on June 30, 2003, the 2002 statute remained in effect. Since the Claimant did not fit any of the criteria for exclusion from unemployment benefits, it follows that the Claimant is entitled to benefits.
The order now before us is reversed and the cause remanded for further proceedings consistent herewith.[2]
RAMIREZ, J., concurs.

. Effective October 1, 2003, the Legislature amended chapter 443 to specify that the exclusion from unemployment coverage includes "a position in the Senior Management Service created under s.l 10.402 § 443.1216(4)(c)4„ Fla. Stat. (2003); see ch.2003-36, §§ 30, 53, Laws of Fla.

. Apparently no issue was made in the Claimant's prior appeal regarding which version of the unemployment compensation statute is controlling, as the prior panel relied on the 2003 version in its opinion. See Brenner, 892 So.2d at 1130. As the Claimant’s prior appeal involved a claim submitted for a different base year, 2002, and the present claim is a *633 subsequent claim for a different base year, 2003, we see no impediment to accepting the parties' agreement that the 2002 statute is the relevant one.