WELLS, Judge
(dissenting).
I respectfully dissent and would affirm the Unemployment Appeals Commission’s *633 decision to deny benefits on the authority of Brenner v. Dept. of Banking and Fin., 892 So.2d 1129 (Fla. 3d DCA 2004) (citing to Gray v. Florida Unemployment Appeals Comm’n, 541 So.2d 1319, 1320 (Fla. 1st DCA 1989), and affirming denial of benefits to this same claimant under the 2003 version of section 443.036(21)[3] because of his position in the Senior Management Service), and Gray, 541 So.2d at 1320 (concluding that the 1987 version of section 443.036(21), which sets out the same exclusion relevant here, “is applicable to positions in senior management service”)-[4]

. This provision excludes from unemployment benefits service performed in the employ of a public employer in “a position that, under state law, is designated as a major nontenured policymaking or advisory position, including a position in the Senior Management Service § 443.1216(4)(c)4, Fla. Stat. (2003).

. The relevant statute in Gray excluded from unemployment benefits service performed in the employ of a governmental entity "in a position which, under or pursuant to the laws of this state, is designated as a major nontenured policymaking or advisory position Gray, 541 So.2d at 1320.
The 2002 version of section 443.036(21) on which the majority relies, also excluded from unemployment benefits service performed in the employ of a governmental entity in "a position which, under or pursuant to the laws of this state, is designated as a major nontenured policymaking or advisory position ...." § 443.036(2l)(d)4.d„ Fla. Stat. (2002).