Catherine D. Lang, Commissioner of Labor,
appellant, v. Howard County, Nebraska,
and Robert J. Sivick, appellees.
___ N.W.2d ___

Filed December 20, 2013.    No. S-13-010.

1. **Counties: Public Officers and Employees: Time.** Generally, a county attorney is elected in each county at the statewide general election held every 4 years and serves a term of 4 years or until his or her successor is elected and qualified.

2. **Counties: Public Officers and Employees.** If no county attorney is elected at the statewide general election or if a vacancy occurs for any other reason, a county board may appoint a qualified attorney to the office of county attorney.

3. **Counties: Public Officers and Employees: Contracts.** If a county board appoints an attorney to the office of county attorney, it must negotiate a contract with the attorney which specifies the terms and conditions of the appointment.

4. **Employment Security: Judgments: Appeal and Error.** In an appeal from the Nebraska Appeal Tribunal to the district court regarding unemployment benefits, the district court conducts the review de novo on the record, but on review by the Nebraska Court of Appeals or the Nebraska Supreme Court, the judgment of the district court may be reversed, vacated, or modified for errors appearing on the record. When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

5. **Judgments: Statutes: Appeal and Error.** Concerning questions of law and statutory interpretation, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

6. **Political Subdivisions: Employment Security: Words and Phrases.** Services performed for a political subdivision in a position which, under or pursuant to the state law, is designated "a major nontenured policymaking or advisory position" are excluded from the definition of "employment" under the Employment Security Law.

7. **Statutes.** Absent a statutory indication to the contrary, words in a statute will be given their ordinary meaning.

8. **Public Officers and Employees.** Under Nebraska statutes, an important function of a county attorney is to provide advice.

9. **Public Officers and Employees: Employment Security: Words and Phrases.** "Magic words" are not necessary for a position to be designated "a major nontenured policymaking or advisory position" under the Employment Security Law.

10. **Public Officers and Employees.** In determining whether a position is a major nontenured policymaking or advisory position, it is enough that a statute, regulation, executive order, or the like communicate the concept that the position is policymaking or advisory.

11.  **Statutes.** Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning.
12.  **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Howard County: Mark D. Kozisek, Judge. Reversed.

John H. Albin, Thomas A. Ukinski, and Caleb Dutson, Senior Certified Law Student, for appellant.

Robert J. Sivick, pro se.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Cassel, J.

## INTRODUCTION

An appointed county attorney who lost his position when another attorney was elected to the office sought unemployment insurance benefits, but the Nebraska Department of Labor (Department) determined that he was ineligible because his wages were not for covered "employment."[1] The Nebraska Appeal Tribunal reversed the Department's determinations, and the district court affirmed. Because we conclude that the position of county attorney is one that has been designated "a major nontenured policymaking or advisory position"[2] under or pursuant to Nebraska law, we reverse the judgment of the district court.

## BACKGROUND

[1-3] Generally, a county attorney is elected in each county at the statewide general election held every 4 years and serves a term of 4 years or until his or her successor is elected and qualified.[3] However, if no county attorney is elected at the statewide general election or if a vacancy occurs for any other reason, a county board may appoint a qualified attorney to

---

[1]  See Neb. Rev. Stat. § 48-604 (Reissue 2010).

[2]  § 48-604(6)(f)(v).

[3]  See Neb. Rev. Stat. § 32-522 (Reissue 2008).

the office of county attorney.[4] If the county board appoints an attorney to the office of county attorney, it must negotiate a contract with the attorney which specifies the terms and conditions of the appointment.[5]

Due to a vacancy, Howard County, Nebraska, hired Robert J. Sivick as its interim county attorney under a written contract that ran from December 1, 2007, through November 30, 2008. Sivick continued as the county attorney under successive contracts running from December 1, 2008, through January 1, 2010, and from January 1 through December 31, 2010.

Under the employment contracts, Sivick agreed to perform all of the duties of a county attorney as dictated by the statutes.[6] The contracts specified that such duties included providing advice and legal services to the Howard County Board of Commissioners (Board) and all departments of Howard County government. Sivick estimated that he spent 20 to 30 percent of his time providing advice and legal services to the Board.

Sivick was unsuccessful in his bid to be elected the county attorney for the term of office running from January 2011 to January 2015. His last date of work as the Howard County Attorney was January 6, 2011. He subsequently filed a claim for unemployment insurance benefits with the State of Nebraska.

Nebraska law sets forth numerous exceptions to the term "employment."[7] The term does not include service performed while employed by a political subdivision

> if such services are performed by an individual in the exercise of his or her duties: *(i) As an elected official*; (ii) as a member of the legislative body or a member of the judiciary of a state or political subdivision thereof; (iii) as a member of the Army National Guard or Air National Guard; (iv) as an employee serving on a

---

[4]  See Neb. Rev. Stat. § 23-1201.01(2) (Reissue 2012).

[5]  See *id*.

[6]  See, e.g., Neb. Rev. Stat. § 23-1201 (Reissue 2012).

[7]  § 48-604(6).

temporary basis in case of fire, storm, snow, earthquake, flood, or similar emergency; *(v) in a position which, under or pursuant to the state law, is designated a major nontenured policymaking or advisory position*, or a policymaking or advisory position, the performance of the duties of which ordinarily does not require more than eight hours per week; or (vi) as an election official or election worker if the amount of remuneration received by the individual during the calendar year for services as an election official or election worker is less than one thousand dollars.[8]

The Department determined that Sivick's wages from Howard County were not covered wages for the purpose of unemployment insurance and, thus, could not be used to establish an unemployment insurance claim. The Department also determined that Sivick was not monetarily eligible for unemployment benefits. Sivick appealed these determinations, and the appeal tribunal held a hearing on each matter.

The appeal tribunal reversed the determinations of the Department. In one matter, the appeal tribunal held that Sivick's earnings were covered wages for the purposes of unemployment insurance benefits because Sivick was not an elected official, the majority of his duties were not spent in policymaking or advisory capacities, and there was no statutory designation of his position being a major advisory position. The appeal tribunal determined that Sivick earned sufficient wages to meet the base period qualification requirements. In the other matter, the appeal tribunal stated that because it found Sivick's wages to be covered wages, his wages should be considered in determining whether he was monetarily eligible to receive benefits. The appeal tribunal stated that Sivick's wages would be approximately $13,000 in each quarter of the base period and that because Sivick's wages were covered wages, the Department's monetary determination was erroneous. The Commissioner of Labor (Commissioner) sought review of the two interrelated decisions of the appeal tribunal.

---

[8] § 48-604(6)(f) (emphasis supplied).

The district court affirmed the decisions of the appeal tribunal in both matters. The court reasoned that § 48-604(6)(f)(i) exempted an elected official, but that it did not exempt a person appointed to fill an elective position. The court stated that Sivick's position was clearly untenured and that no one argued to the contrary. In considering whether Sivick held a position which was designated a "major advisory position," the court stated that "the duties Sivick actually performed are of little import" and that it would "look only to whether Sivick's position was a major nontenured policymaking or advisory position pursuant to, or under, the laws of Nebraska." The court found no law or other designation that Sivick's position was designated a "major nontenured policymaking or advisory position." Thus, the court stated that upon its de novo review, it found by the greater weight of the evidence that Sivick was not an elected official and did not hold a position which, under or pursuant to the state law, was designated a "major nontenured policymaking or advisory position." The court stated that its determination of the appeal regarding employment effectively disposed of the appeal concerning monetary eligibility. Accordingly, the court affirmed the decisions of the appeal tribunal in both matters.

The Commissioner timely appealed, and we moved the case to our docket under our statutory authority to regulate the caseloads of the appellate courts of this state.[9]

## ASSIGNMENTS OF ERROR

The Commissioner assigns, consolidated, restated, and reordered, that the district court erred by (1) failing to find that the position of county attorney is a major nontenured advisory position; (2) failing to find Sivick to be an elected official; (3) failing to apply the proper burden of proof, which should have been imposed upon Sivick to show that he was eligible for and not disqualified from benefits; and (4) disposing of, without analysis, the argument that Sivick was not monetarily eligible for unemployment insurance benefits under Neb. Rev. Stat. § 48-627 (Cum. Supp. 2008) on the basis of

---

[9] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

its determinations that Sivick was not excluded from benefits under § 48-604(6)(f).

## STANDARD OF REVIEW

[4] In an appeal from the appeal tribunal to the district court regarding unemployment benefits, the district court conducts the review de novo on the record, but on review by the Court of Appeals or the Supreme Court, the judgment of the district court may be reversed, vacated, or modified for errors appearing on the record. When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[10]

[5] Concerning questions of law and statutory interpretation, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[11]

## ANALYSIS

### Designated Under or Pursuant to Law as Major Nontenured Advisory Position

[6] Services performed for a political subdivision "in a position which, under or pursuant to the state law, is designated a major nontenured policymaking or advisory position" are excluded from the definition of "employment" under the Employment Security Law.[12] There is no dispute that Sivick's position was nontenured, and the Commissioner does not contend that the position was a policymaking one. Thus, the dispute centers on whether it was, under or pursuant to Nebraska law, designated a "major advisory position."

[7] We begin by examining the plain and ordinary meaning of the words "major" and "advisory." Absent a statutory

---

[10] *Meyers v. Nebraska State Penitentiary*, 280 Neb. 958, 791 N.W.2d 607 (2010).

[11] *Estate of Teague v. Crossroads Co-op Assn.*, 286 Neb. 1, 834 N.W.2d 236 (2013).

[12] § 48-604(6)(f)(v).

indication to the contrary, words in a statute will be given their ordinary meaning.[13] "Major" has been defined as "greater, as in size, amount, extent, importance, rank, etc."[14] An alternative definition is "great, as in rank or importance."[15] "Advisory" is defined as "of, giving, or containing advice" or "having the power or duty to advise."[16]

The Commissioner asserts that Sivick's position was "major" because he was "the highest-ranking official in Howard County in the area of law."[17] And because Sivick's employment contracts specified that he was to provide advice to the Board, the Commissioner contends that he held an advisory position. The Commissioner argues that the court "should have considered the actuality of Sivick's job as County Attorney, examining related statutes and evidence, in order to interpret 'major nontenured advisory.'"[18]

The district court, on the other hand, focused on the statutory phrase requiring that the designation be made "under or pursuant to the state law."[19] The court focused on § 23-1201 and found no "designation that the office of county attorney position is a major policymaking or advisory position." The court also stated that it was "pointed to no other law, and found no other designation, that Sivick's position was designated a major nontenured policymaking or advisory position by the Legislature, statute, regulation, executive order or the like." To the extent that the district court was rejecting the Commissioner's invitation to examine the terms of Sivick's contract, we agree. The designation must be found in state law.

But we disagree with two aspects of the district court's analysis. First, the court restricted its examination of the duties of

---

[13] *Caniglia v. Caniglia*, 285 Neb. 930, 830 N.W.2d 207 (2013).

[14] Webster's Encyclopedic Unabridged Dictionary of the English Language 865 (1989).

[15] *Id.*

[16] *Id.* at 22.

[17] Brief for appellant at 20.

[18] *Id.* at 30.

[19] § 48-604(6)(f)(v).

a county attorney to § 23-1201. As we expound below, there are other statutes expressly imposing advisory duties. Second, the court's language suggests that it focused on the absence of a specific designation using the precise words of the statute. In other words, the court apparently reasoned that because the Legislature did not use the words "major," "nontenured," and "advisory" in describing the position of county attorney, the statute did not designate the county attorney as such.

[8] Under Nebraska statutes, an important function of a county attorney is to provide advice. The county attorney shall give advice to the board of county commissioners and other civil officers of their respective counties.[20] The county attorney serves as the legal advisor to the county airport authority[21] and for the preservation, restoration, and development board for federal forts.[22] Further, the officer of consolidated counties can call upon the county attorney for legal advice.[23] The county attorney also has the duty to give advice to a grand jury on any legal matter.[24] Clearly, under these statutes, the county attorney is the chief legal advisor. Thus, these statutes show that the position of county attorney is both an advisory and a major position. While we concede that the giving of advice is not a county attorney's only function and in some counties may not be the predominant one, it clearly is a statutory duty of great importance, significance, and seriousness.

Other jurisdictions similarly look to the duties of the position in question in determining whether a job is a major nontenured policymaking or advisory position. In Kentucky, which has similar statutory language,[25] an appellate court concluded that

---

[20] Neb. Rev. Stat. § 23-1203 (Reissue 2012).

[21] Neb. Rev. Stat. § 3-613(6) (Reissue 2012).

[22] Neb. Rev. Stat. § 72-418 (Reissue 2009).

[23] Neb. Rev. Stat. § 22-415 (Reissue 2012).

[24] Neb. Rev. Stat. §§ 23-1208 (Reissue 2012) and 29-1408 (Reissue 2008).

[25] Ky. Rev. Stat. Ann. § 341.055(4)(f) (LexisNexis 2011) ("[i]n a position which, under or pursuant to the state law is designated as a major nontenured policymaking or advisory position").

the key consideration is whether the claimants' job duties were major policymaking or advisory.[26] Similarly, a New York court, in determining whether a county attorney was employed in a major nontenured policymaking or advisory position, looked to the attorney's duties and stated, "In view of these responsibilities, we find that substantial evidence supports the Board's finding that claimant was not engaged in covered employment necessary to qualify for benefits."[27] A Florida court likewise looked at a claimant's job duties to determine whether he was in a policymaking or advisory position.[28]

Although two states have rejected the idea that job duties are the determinative factor, we do not find their reasoning compelling. In Minnesota, an appellate court was not persuaded by an argument that the duties of the position were more important than the position itself.[29] The court stated that the word "position" in the statutory language "'in a *position* with the state of Minnesota which is a major nontenured policymaking or advisory *position* in the unclassified service'" was critical.[30] And a Pennsylvania court specifically stated that "the statutory description of job duties does not amount to a designation pursuant to the laws of this Commonwealth that the job is a major nontenured policymaking or advisory position."[31]

[9,10] We reject the notion that "magic words" are necessary for a position to be designated "a major nontenured

---

[26] See *Com., Dept. of Educ. v. Com.*, 798 S.W.2d 464 (Ky. App. 1990).

[27] *Matter of Malgieri*, 219 A.D.2d 751, 752, 631 N.Y.S.2d 85, 85-86 (1995). See, also, *Claim of Richman*, 254 A.D.2d 673, 679 N.Y.S.2d 197 (1998) (finding attorney ineligible to receive unemployment insurance because he was employed in major nontenured policymaking or advisory position based upon his duties).

[28] *Brenner v. Florida Unemployment Appeals*, 929 So. 2d 630 (Fla. App. 2006).

[29] See *Ginsberg v. Dept. of Jobs and Training*, 481 N.W.2d 138 (Minn. App. 1992).

[30] *Id.* at 143.

[31] *Odato v. Unemployment Compensation Bd.*, 805 A.2d 660, 663 (Pa. Commw. 2002).

policymaking or advisory position." First, no statute uses the specific words in this way. In other words, there is no instance where the Legislature has described an office or position using the specific words of § 48-604(6)(f)(v). Even where positions of state executive branch advisors or policymakers are involved, the statute does not designate them using this specific terminology.[32] Thus, the Legislature has created such positions by defining their duties. Second, we agree with a Pennsylvania court that in determining whether a position is a major nontenured policymaking or advisory position, "[i]t is enough that a statute, regulation, executive order, or the like communicate the concept that the position is policymaking or advisory."[33] In that case, the appellate court reasoned that an examination of the relevant charter provisions revealed language which reached the level of an official designation of the position as a major policymaking or advisory one.[34] The court observed that under the charter, the heads of all departments were empowered to prescribe rules for their internal government and that each department had the authority to make reasonable regulations as necessary and appropriate in the performance of its duties under the charter or under any statute or ordinance.[35] Similarly, the Nebraska statutes cited above show that the county attorney is an advisory position. And because a county attorney is the chief legal advisor for a county, it is a major position.

Sivick advances three reasons in support of the district court's analysis. First, he argues that under the Commissioner's approach, any government employee appointed to a position who has some advisory duties would likely fit the exclusion. Second, he argues that the very nature of being a lawyer requires providing advice and that, thus, all lawyers employed by political subdivisions would be excluded. Finally, he relies

---

[32] See, e.g., Neb. Rev. Stat. § 84-133 (Reissue 2008).

[33] *Philadelphia v. Unemp Comp. Bd. of Rev.*, 164 Pa. Commw. 624, 627, 643 A.2d 1158, 1159 (1994).

[34] *Philadelphia v. Unemp Comp. Bd. of Rev., supra* note 33.

[35] *Id.*

upon the principle of liberal construction of the Employment Security Law.[36]

[11] None of Sivick's arguments hold up under scrutiny. His first and second arguments ignore the significance of the word "major." Neither the government employee whose duties include giving advice nor the lawyer employed by a political subdivision in a subordinate position could be fairly characterized as a "major" advisor. A county attorney, on the other hand, is the chief legal advisor for the county and, by the duties imposed by statute, has the high standing and significance attributable to a "major" officer. Regarding Sivick's third argument, we agree that the Employment Security Law should be liberally construed. But a statute is not to be read as if open to construction as a matter of course. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning.[37] We cannot, in the guise of liberal construction, disregard the plain meaning of the exclusion of § 48-604(6)(f)(v).

Accordingly, we conclude that Sivick's services were performed in the exercise of his duties in a position excepted from the definition of employment by § 48-604(6)(f)(v). Therefore, his wages were not for covered employment and he was not entitled to unemployment insurance benefits. The district court's judgment does not conform to the law and must be reversed.

### Remaining Assignments of Error

[12] Because we have concluded that Sivick is not entitled to unemployment insurance benefits and that the district court's judgment must be reversed, we do not consider the Commissioner's other assignments of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[38] We merely

---

[36] See *Wadkins v. Lecuona*, 274 Neb. 352, 740 N.W.2d 34 (2007).

[37] *State ex rel. Wagner v. Gilbane Bldg. Co.*, 276 Neb. 686, 757 N.W.2d 194 (2008).

[38] *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 835 N.W.2d 30 (2013).

observe in passing that closer legislative attention to the term "elected official" in § 48-604(6)(f)(i) might have eliminated the necessity of litigation.[39]

## CONCLUSION

Because an important part of the statutory duties of a county attorney is advisory in nature, we conclude that Sivick was in a position that had been designated under or pursuant to Nebraska law as a "major nontenured policymaking or advisory position." Thus, the services Sivick performed in his position were excepted from the definition of employment, and he was monetarily ineligible for unemployment insurance benefits because his wages were not for covered "employment." We therefore reverse the judgment of the district court.

Reversed.

---

[39] See, e.g., Neb. Rev. Stat. § 49-1417 (Reissue 2010) (defining "[e]lective office" to include "[a] person who is appointed to fill a vacancy in a public office which is ordinarily elective"); Neb. Rev. Stat. § 23-2535(8) (Reissue 2012) (defining "official" as "an officer elected by the popular vote of the people or a person appointed to a countywide office"); Alaska Stat. § 23.20.526(d)(8)(A) (2004) (excepting from employment service performed as "a person hired or appointed as the head or deputy head of a department in the executive branch"); S.C. Code Ann. § 41-27-260(5)(a) (Cum. Supp. 2011) (excepting individual performing duties as "an elected official or as the appointed successor of an elected official"); Wis. Stat. Ann. § 108.02(15)(f)(1) and (2) (West Cum. Supp. 2013) (excepting service "[a]s an official elected by vote of the public" or "[a]s an official appointed to fill part or all of the unexpired term of a vacant position normally otherwise filled by vote of the public").