# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jon Galante, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1345 C.D. 2015 |
| | : | Submitted: December 24, 2015 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: June 14, 2016**

Jon Galante (Claimant), representing himself, asks whether the Unemployment Compensation Board of Review (Board) erred in affirming a referee's (Referee) decision that Claimant did not have covered wages from Butler County (Employer) under Section 1201(b)(1) of the Unemployment Compensation Law (Law).[1]  Upon review, affirm.

## I. Background

Employer *appointed* Claimant to his position as a jury selection commissioner to fill a vacancy created when the former office holder resigned to take a different position.  After appointment, Claimant ran for the office and won

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §911(b)(1).

the May 2013 primary election.  However, Employer later abolished the position of jury selection commissioner.  The abolition of that position was effective at the end of Claimant's appointed term in January 2014.  Certified Record (C.R.), Item #11, Referee's Dec., 4/22/15, Findings of Fact (F.F.) Nos. 7, 11-12.

Claimant filed an application for unemployment compensation (UC) benefits.  Thereafter, Claimant received a notice of financial determination (Notice) that he was financially eligible for UC benefits.  The Notice listed wages from various positions Claimant held during the base year.  Claimant subsequently filed an appeal of his Notice to the local service center, asserting that wages from Employer were not listed on his Notice during the base year.

Specifically, Claimant filed an application for UC benefits with an effective date of January 4, 2015, establishing a base year period of October 1, 2013 through September 30, 2014.  Claimant was thereafter issued a Notice indicating he was financially eligible for a weekly benefit rate of $302.  Claimant filed an appeal to his Notice based on his missing wages from Butler County in the fourth quarter of 2013 and the first quarter of 2014.  F.F. Nos. 2-3, 5.[2]

---

[2] Claimant's Notice listed wages from Butler Area School District of $751 for the fourth quarter of 2013, $0 for the first quarter of 2014, $0 for the second quarter of 2014, and $0 for the third quarter of 2014.  The determination also listed wages from Junior Achievement of $3,653 for the fourth quarter of 2013, $7,500 for the first quarter of 2014, $7,500 for the second quarter of 2014 and $7,500 for the third quarter of 2014.  Claimant was also employed with Butler County from October 31, 2012 through January 6, 2014 as a jury selection commissioner at an annual salary of $18,613.77.  Certified Record, Item #11, Referee's Dec., 4/22/15, Findings of Fact Nos. 1, 4.

The service center vacated the Notice and initiated a wage investigation to establish if Claimant had covered employment with Employer as a jury selection commissioner for purposes of UC benefits.  F.F. No. 6.

The wage investigation determined that Claimant held an elected position, and that wages paid to elected officials were exempt from UC coverage. Thereafter, Claimant received a revised Notice from the service center listing the same wages as in his original Notice.  F.F. No. 8.

Claimant appealed the revised Notice to a referee, who held a hearing. After the hearing, the referee issued a decision affirming the service center's revised Notice.  The referee reasoned:

> A representative in the Status Determination Unit in Harrisburg conducted the wage investigation and determined [Claimant] was in an elected position and per Article VII, Section 1201(B)(1) of the [UC] Law, wages paid to elected officials are listed as exempt from [UC] coverage.  Although [Claimant] may have been appointed as a jury [selection] commissioner to fill a vacancy by the previous jury [selection] commissioner who resigned, the position of jury [selection] commissioner is an elected position and, therefore, [Claimant] cannot use these wages for [UC] purposes.

Referee's Dec. at 2.

Claimant appealed to the Board.  The Board adopted the referee's findings and conclusions and affirmed the referee's decision.  The Board added:

3

> The Board understands the language the claimant cites [in his brief to the Board]. However, this is clearly stated to not be the law, and the Board agrees with both the Department and Referee that an appointment to an elected position does not change the elected position to covered employment.

C.R., Item No. 15, Bd. Order, 7/1/15 at 1. Claimant now petitions for review to this Court.

## II. Issue

On appeal,[3] Claimant contends the Board erred when it affirmed the Referee's determination that Claimant was an elected official, not in an appointed position, and thus did not have covered employment with Employer for UC purposes.

## III. Discussion
## A. Contentions

At the outset, Claimant maintains he filed an internet initial claim (IIC) and answered "yes" to the question asking "[a]ppointed to this position" and answered "no" to the question "[e]lected to this position." C.R., Item No. 2 at 5. Claimant notes that the President Judge of Butler County appointed Claimant to the position. Claimant argues his employment with Employer in an appointed position, rather than in an elected position, renders wages earned with Employer as covered wages for purposes of UC benefits.

---

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the Board's findings of fact were supported by substantial evidence. Pearson v. Unemployment Comp. Bd. of Review, 689 A.2d 352 (Pa. Cmwlth. 1997).

4

More particularly, Claimant contends there is a distinction between earning wages in an appointed position and earning wages in an elected position for purposes of receiving UC benefits. In support of this distinction, Claimant asserts the Department of Labor & Industry's (Department) website stated, with emphasis added:

> Remuneration paid for services performed as an elected official are exempt from coverage under Section 1201(b) of the UC Law. Therefore, the wages paid to the individual elected into office are not taxable for employer or employee UC contributions purposes. However, there is no exclusion provision contained in the UC Law for services performed by an individual who is appointed to the position. Thus, the appointed official would be performing services in employment covered under the UC Law unless the individual is designated as serving in a major non-tenured policymaking or advisory position. Otherwise, the individual appointed to an elected office is required to pay employee UC withholding contributions.[4]

Claimant asserts none of the parties disputed the fact of his appointment to his position. Thus, Claimant asserts, because the Department differentiates between performing services as an individual elected into office and

---

[4] See http://www.portal.state.pa.us/portal/server.pt/community/pamphlets/11304/ucp 25 pa employee uc withholdings/562865 (last visited by Claimant July 10, 2015); see also Unemployment Compensation (UC) services, UC pamphlet UCP-25 PA Employee UC Withholding Contributions.

UC pamphlet UCP-25 is no longer available on the Department's website. Both parties provide the identical quoted language to this document in their briefs. Claimant's Br. at 8-9; Board's Br. at 7-8.

5

an individual appointed to an elected office, an employee appointed to an elected office must have those wages considered for UC purposes.[5]

The Board responds that it properly concluded Claimant's appointment to an elected position did not establish covered employment for purposes of UC benefits. The Board asserts that pursuant to Section 1201(b)(1) of the Law, 43 P.S. §911(b)(1), Claimant's wages from his position as jury selection commissioner are excluded from the definition of employment for UC purposes, notwithstanding his appointment, rather than election to the position.

Section 1201 of the Law, entitled, "Political subdivision employe[e]s," states:

> (a) Service performed after December 31, 1977, in the employ of any of the instrumentalities or any political subdivision of this Commonwealth or any of its instrumentalities or any instrumentality of more than one of the foregoing or any instrumentality which is jointly owned by this Commonwealth or a political subdivision thereof and one or more other states or political subdivisions of this or other states provided that such service is excluded from 'employment' as defined in the Federal Unemployment Tax Act by section 3306(c)(7) of that act and is not excluded from 'employment' under

---

[5] Claimant apparently concedes that he did not pay employee UC withholding contributions. He argues, without citation to authority, that Employer should be penalized for its failure to withhold and pay UC contributions. He suggests the penalty be that Employer should pay both the employer and the employee UC contributions. Claimant's Br. at 6, 12. The Board does not respond to this argument. Although this issue is waived for failure of the parties to develop it, there may be a statutory basis for the relief Claimant seeks. See Section 1202.1 of the Law, added by the Act of July 6, 1977, P.L. 41, as amended, 43 P.S. §912.1 ("Liability for contributions"); Section 1204 of the Law, added by the Act of September 27, 1971, P.L. 460, 43 P.S. §914 ("No offset of benefits").

6

section 4(l)(4) of this act [("definitions")], shall be deemed to constitute employment subject to this act with the exceptions hereinafter set forth in section 1201(b).

(b)(1) Elected officials.

(2) Inmates of custodial or penal institutions who receive compensation for services rendered therein.

(3) All department heads and members of boards and commissions, appointed by the Governor with or without the consent of one or both branches of the General Assembly.

(4) Members of a legislative body, or members of the judiciary, of the Commonwealth or a political subdivision.

(5) Individuals employed as part of any unemployment work-relief or work-training program assisted or financed in whole or in part by any Federal agency or an agency of a State or political subdivision thereof, by an individual receiving such work relief or work training.

(6) Students employed as defined in section 4(l)(4)(10)(B) and (C).

(7) Members of the State National Guard or Air National Guard.

(8) Employees serving on a temporary basis in case of fire, storm, snow, earthquake, flood or similar emergency.

(9) Individuals serving in positions which, under or pursuant to the laws of this Commonwealth, are designated as (i) a major nontenured policymaking or advisory position, or (ii) a policymaking position the performance of the duties of which ordinarily does not require more than eight hours per week.

43 P.S. §911(a), (b) (emphasis added). Thus, the Board asserts, it is clear from a reading of the statute that the elected position of jury selection commissioner is statutorily excluded from employment for purposes of UC benefits.

The Board further highlights that an agency representative provided an interpretation of the Law at the hearing. The representative testified Claimant was appointed to an elected position and that the wages earned in that position were not counted for purpose of UC benefits under Section 1201(b)(1) of the Law. Thus, Christian Edwards (Edwards), Supervisor of the Status Determinations Unit Accounting Service Unemployment Tax in the Department, testified as follows:

> [Referee]     All right. And, Mr. Edwards, what would you have for testimony regarding this issue?
>
> [Edwards]    The wage investigation was initiated by the Service Center, to establish whether the earnings from Butler County were covered employment. It was established that the Jury [Selection] Commissioner position was an elected position and was not covered wages for Pennsylvania Unemployment purposes, due to PAUC Law, Section 1201 (b), which exempts wages paid to elected officials and this also includes individuals who are appointed to serve in lieu of another elected official who has vacated the position and his term has not yet expired. Therefore, it was determined that the wages were not covered for unemployment.

C.R., Item #10, Referee's Hr'g, Notes of Testimony, (N.T.), 4/12/15, at 8.

## B. Analysis

Section 1201(a) of the Law states that, services performed by political subdivision employees are not excluded from the definition of "employment"

8

under the Law, but-for the exceptions set forth in Section 1201(b). Section 1201(b)(1) excludes services of "elected officials."

If the phrase "elected officials" focuses on the persons holding an elected office, the services of a person appointed to that office could be "employment" under the Law. This is Claimant's argument, and he asserts the statutory language is clear.

However, the language of the "Political subdivision employees" provision does not clearly support Claimant's position when viewed in its entirety. Read as a whole, paragraph (a) provides the general rule: service by employees of political subdivisions shall be deemed "employment" under the Law. Paragraph (b), however, sets forth exceptions. Each subdivision of paragraph (b) describes an excepted position, without regard to the specific characteristics of the individual holding the position. The excepted positions are described in a way where discontinuance of employment can be anticipated.

Thus, when viewed through the prism of the entire statutory provision, a person holding an office usually filled by election, which has a known, defined term, can foresee a change of circumstances at the end of the term.

Our reading of the statutory language is consistent with cases addressing another excepted position described in paragraph (b): the major nontenured policymaking or advisory position. 43 P.S. §911(b)(9). In determining whether services of an individual in a policymaking position are excepted from the

9

definition of "employment" under the Law, we focus not on the individual's circumstances; rather, we focus on an official designation of the position function pursuant to the laws of this Commonwealth. Conroy v. Unemployment Comp. Bd. of Review, 693 A.2d 254, 256 (Pa. Cmwlth. 1997) ("Claimant's actual activities as Borough Police Chief are immaterial to the determination of whether he is entitled to unemployment benefits."). Our Court explained the reason for the exclusion:

> The logic of [the Law] is plain. The exclusion imposes ineligibility on the basis that any occupant of such a position can anticipate the possibility of job termination upon a change of administration, so that unemployment in such circumstances cannot be regarded as sudden or unexpected.

Id. at 256 (quoting Gahres v. Unemployment Comp. Bd. of Review, 433 A.2d 152, 154 (Pa. Cmwlth. 1981)); see also City of Phila. v. Unemployment Comp. Bd. of Review, 448 A.2d 687 (Pa. Cmwlth. 1982).

We can apply to this case the rationale applied to the major nontenured policymaking cases. In doing so, we conclude that a person in a position usually filled by election can anticipate at the beginning of service the possibility of job termination at the end of an elected term. The same anticipation obtains regardless of whether the individual is elected to a full term or, as here, is appointed to complete the elected term of another. Either way, unemployment at the end of the elected term cannot be regarded as sudden or unexpected. Therefore, there is a rational basis for the exception of services rendered by persons in an elected office from the definition of "employment" under the Law.

10

For the foregoing reasons, we affirm.


$\overline{\text{ROBERT SIMPSON, Judge}}$

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jon Galante,                                              :
                               Petitioner               :
                                                         :
              v.                                         :        No. 1345 C.D. 2015
                                                         :
Unemployment Compensation                :
Board of Review,                                   :
                               Respondent             :

# **O R D E R**

**AND NOW**, this 14th day of June, 2016, the order of the Unemployment Compensation Board of Review is **AFFIRMED.**

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jon Galante,      :
     : No. 1345 C.D. 2015
             Petitioner    : Submitted: December 24, 2015
     :
            v.      :
     :
Unemployment Compensation      :
Board of Review,      :
     :
               Respondent : 

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY SENIOR JUDGE FRIEDMAN                FILED: June 14, 2016

I respectfully dissent and would conclude that Claimant was not an "elected official" and, thus, his service in the position of jury selection commissioner constituted employment for unemployment compensation (UC) purposes. Accordingly, I would reverse the Board's decision.

Section 1201(a) of the Unemployment Compensation Law (Law)[1] states that service provided by political subdivision employees constitutes employment for UC purposes. Section 1201(b)(1) of the Law specifically excepts "*elected* officials"

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §911(a).

from the definition of employment for UC purposes.  43 P.S. §911(b)(1) (emphasis added).

An "elected official" is a person who is elected by the people to a public office.  Here, the people did not elect Claimant to serve in the position of jury selection commissioner.  Rather, because of a vacancy in that office, the president judge "*appoint[ed]*" Claimant to the position in accordance with section 2122(c) of the Judicial Code, 42 Pa. C.S. §2122(c) (emphasis added).  Although Claimant was appointed to a position that is generally filled by election, Claimant, by filling the vacancy for the unexpired term, did not and could not convert his "appointment" to an "election."  Thus, as an *appointed* official, Claimant is not covered by the exception in section 1201(b)(1) of the Law, which is applicable only to *elected* officials.

The majority states that "when viewed through the prism of the entire statutory provision, a person holding an office usually filled by election, which has a known, defined term can foresee a change of circumstances at the end of the term." (Maj. Op. at 9.)  Thus, because "discontinuance of employment can be anticipated," the majority concludes that Claimant is an "elected official."  (*Id.*)

I do not believe this court should view the statute through a prism. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."  Section 1921(b) of the Statutory Construction Act, 1 Pa. C.S. §1921(b). The exception set forth in section 1201(b)(1) of the Law is clear, not ambiguous, and only applies to "elected

RSF - 2 -

officials."[2]   Because Claimant was never elected to the position of jury selection commissioner, the exemption does not apply to him.   Additionally, the Law "is remedial legislation whose benefit provisions are to be liberally construed in the claimant's favor." *Micciche v. Unemployment Compensation Board of Review*, 461 A.2d 914, 916 n.3 (Pa. Cmwlth. 1983).   I respectfully submit that the majority's labored interpretation of the Law violates the principles of statutory construction and fails to liberally interpret the Law in Claimant's favor.

For these reasons, I respectfully dissent.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[2] I also note that section 1201(b)(4) of the Law excepts "[m]embers of a legislative body, or members of the judiciary, of the Commonwealth or a political subdivision."   Unlike section 1201(b)(1), section 1201(b)(4) does not differentiate between those members that are elected and those that are appointed.   I submit that the legislature  knowingly chose its words when drafting the exceptions.